UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------

LEIGHANNA M.,

                    Plaintiff,        <u>DECISION AND ORDER</u>
                                           1:24-CV-02376-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

In March of 2022, Plaintiff Leighanna M.[1] applied for Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Severance, Burko, & Splater, P.C., Louis Ronald Burko, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10).

This case was referred to the undersigned on July 31, 2024. Presently pending is Plaintiff's Motion for Judgment on the Pleadings under

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 12). For the following reasons, Plaintiff's motion is due to be denied and this case is dismissed.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on March 21, 2022, alleging disability beginning May 1, 2015. (T at 103, 130).[2]  Plaintiff's application was denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on March 27, 2023, before ALJ Kieran McCormack. (T at 38-50). Plaintiff appeared with an attorney. (T at 36-65). A supplemental hearing was held before the same ALJ on June 21, 2023. (T at 51-87).  Plaintiff appeared with her attorney and testified. (T at 60-82). The ALJ also received testimony from Christine Spaulding, a vocational expert. (T at 82-85).

### B.    ALJ's Decision

On July 17, 2023, the ALJ issued a decision denying the application for benefits. (T at 7-27).  The ALJ found that Plaintiff had not engaged in

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 11.

substantial gainful activity since March 21, 2022 (the date she applied for benefits). (T at 12).

The ALJ concluded that Plaintiff's asthma, psychogenic non-epileptic seizures, major depressive disorder, generalized anxiety disorder, attention deficit hyperactivity disorder (ADHD), bipolar disorder, post-traumatic stress disorder (PTSD), and borderline personality disorder were severe impairments as defined under the Social Security Act. (T at 13).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 13).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform work at all exertional levels, with the following non-exertional limitations: she cannot work at jobs with concentrated exposure to extreme cold, extreme heat, humidity, and/or airborne irritants such as fumes, odors, dusts, gases, and/or smoke; she cannot work at jobs that require the operation of motor vehicles or heavy machinery or that involve exposure to unprotected heights, unprotected machinery, and/or machinery with moving mechanical parts. (T at 15).

The ALJ also found Plaintiff limited to "low stress" jobs, defined as jobs requiring no more than simple, routine, and repetitive tasks, involving only simple work-related decisions; with no more than occasional workplace changes; and where there is only occasional interaction with supervisors, coworkers, and/or the public. (T at 15).

The ALJ determined that Plaintiff had no past relevant work. (T at 20).

Considering Plaintiff's age (27 on the application date), education (limited), work experience (no past relevant work), and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (T at 20).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between March 21, 2022 (the application date) and July 17, 2023 (the date of the ALJ's decision). (T at 21).

On February 20, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

C.    *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on March 28, 2024. (Docket No. 1).  On July 27, 2024, Plaintiff

filed a motion for judgment on the pleadings, supported by a brief. (Docket No. 12).  The Commissioner interposed a brief in opposition to Plaintiff's motion and in support of the denial of benefits, on August 26, 2024. (Docket No. 16).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted.  *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec*., 994 F. Supp. 2d 496, 503

(S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v),

416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises two main arguments in support of her request for reversal of the ALJ's decision.  First, Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed.  Second, she contends that the ALJ erred in discounting her subjective complaints.  The Court will address both arguments in turn.

### A.    Medical Opinion Evidence

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the

claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a),

(b)(2).   The ALJ is required to "articulate how [he or she] considered the

medical opinions" and state "how persuasive" he or she finds each opinion,

with a specific explanation provided as to the consistency and

supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent

with evidence from other medical sources and non-medical sources." *Dany*

*Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. §

416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence

from other medical sources and nonmedical sources," the "more

persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is

supported by relevant objective medical evidence and the medical source's

supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more

relevant the objective medical evidence and supporting explanations

presented by a medical source are to support his or her medical opinion(s)

or prior administrative medical finding(s), the more persuasive the medical

opinions or prior administrative medical finding(s) will be." 20 C.F.R. §

404.1520 (c)(1), 416.920c(c)(1).

In the present case, Amalia Hubal, Plaintiff's treating mental health therapist, completed a functional assessment in June of 2023. Ms. Hubal characterized Plaintiff's prognosis as poor and assessed extreme limitation in her activities of daily living, extreme difficulties in maintaining social functioning, and extreme difficulties in maintaining concentration, persistence, or pace. (T at 1310, 1312).

Ms. Hubal described Plaintiff as experiencing four or more episodes of decompensation in the previous year, each of at least two weeks duration, and opined that Plaintiff was likely to be absent from work more than 4 days per month due to her impairments or treatment. (T at 1312).

The ALJ found Ms. Hubal's assessment of extreme limitations unpersuasive as it was unsupported by, and inconsistent with, the overall record. (T at 19).

The ALJ's decision was supported by substantial evidence and consistent with applicable law.

First, the ALJ's conclusion that Ms. Hubal's opinion was not well-supported is consistent with a reasonable reading of the record. Treatment notes from the relevant period document symptoms of anxiety and depression, but describe Plaintiff as demonstrating fair judgment, good insight, cooperative attitude/behavior, unremarkable attention or intact

concentration, average intellectual functioning, adequate grooming, goal-directed and expressive speech, and normal psychomotor activity, with no thoughts of suicide, no evidence of psychosis, good eye contact, and logical thought processes. (T at 17, 720-21, 734-36, 855, 859, 1264-65, 1300, 1302).

Although ALJs must be careful not to overestimate the significance of a claimant's ability to be cooperative and appropriate during brief visits with supportive medical providers, such evidence can support a decision to discount marked or extreme limitations. *See, e.g., Knief v. Comm'r of Soc. Sec.*, No. 20 Civ. 6242 (PED), 2021 WL 5449728, at *1–2, 8–9 (S.D.N.Y. Nov. 22, 2021) (affirming ALJ decision based on treatment records and mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications); *Burchette v. Comm'r of Soc. Sec.*, No. 19 CIV. 5402 (PED), 2020 WL 5658878, at *10 (S.D.N.Y. Sept. 23, 2020)("In sum, Dr. Phillips' opinion, combined with largely unremarkable mental status examination findings in the treatment record and plaintiff's ADLs, provide substantial evidence for the ALJ's RFC determination.").

Second, the ALJ's decision is supported by other medical opinion evidence of record.  Dr. Todd Deneen performed a consultative psychiatric evaluation in May of 2022.  Dr. Deneen described Plaintiff as cooperative, with fair social skills and appropriate eye contact, coherent and goal-directed thought processes, appropriate orientation, anxious affect, and euthymic mood.  (T at 702-703).  Dr. Deneen found Plaintiff's attention and concentration mildly impaired, with intact recent and remote memory skills, average cognitive functioning, fair insight, and poor judgment. (T at 703).

Dr. Deneen assessed no limitation in Plaintiff's ability to understand, remember, or apply directions; mild impairment in her ability to use reason and judgment to make work-related decisions, interact with others, sustain concentration and perform at a consistent pace, and maintain hygiene and appropriate attire. (T at 704).  He opined that Plaintiff would have moderate limitation in her ability to sustain an ordinary routine and regular attendance, regulate her emotions, control her behavior, and maintain her well-being. (T at 704).

Dr. Li, a non-examining State Agency review consultant, reviewed the record in July of 2021, and opined that Plaintiff had mild limitation in understanding, remembering, or applying information, and moderate impairment as to social interaction and with respect to concentration,

persistence, and pace. (T at 94).  Dr. Li believed Plaintiff could meet the basic mental demands of unskilled work in a low-contact environment. (T at 100).  In November of 2022, Dr. Bhutwala, another State Agency review consultant, assessed the same limitations. (T at 118, 125-26).

The ALJ found Dr. Deneen's opinion mostly persuasive, but did not accept the consultative examiner's assessment of moderate impairment in Plaintiff's ability to sustain a schedule and maintain attendance. (T at 17-19).  The ALJ deemed the State Agency review physicians' assessments generally persuasive, although he found the evidence consistent with only mild impairment in Plaintiff's ability to adapt to changes in a routine work setting. (T at 17).

The opinions of Dr. Deneen, Dr. Bhutwala, and Dr. Li support the ALJ's decision to discount the extreme limitations assessed by Ms. Hubal.

Although Plaintiff notes that Dr. Deneen assessed moderate impairment in her ability to sustain a schedule and regular attendance, this finding, without more, does not support Ms. Hubal's assessment of extreme limitation in this domain of functioning.[3] *See Sanchez v. Berryhill*, No. 16-

---

[3] Plaintiff also notes that the State Agency review consultants did not have the opportunity to review treatment notes submitted after they rendered their assessments. However, the subsequent treatment notes are not materially different from the records reviewed by the consultants.  The Court finds no error in the ALJ's decision to consider the State Agency review physicians' assessments as part of his overall determination.

CV-07775 (PGG) (DF), 2018 WL 1472687, at *20 (S.D.N.Y. Feb. 28, 2018), *report and recommendation adopted sub nom. Sanchez v. Comm'r of Soc. Sec.*, No. 16-CIV-7775-PGG-DCF, 2018 WL 1478040 (S.D.N.Y. Mar. 23, 2018) ("[W]hile both of the consultants did opine that Plaintiff had certain of the same or similar mental impairments as those assessed by [treating provider], their views as to the 'mild' or 'moderate' severity of those impairments … did not support [the treating provider's] expressed view that many of Plaintiff's impairments were 'marked' or 'extreme.'")(internal citations omitted).

Moreover, to the extent the record is indicative of impairment in Plaintiff's mental functioning, including her ability to self-regulate, adapt to changes, and maintain attendance, the ALJ adequately accounted for these limitations by restricting Plaintiff to "low stress" jobs, *i.e.*, jobs requiring no more than simple, routine, and repetitive tasks, only simple work-related decisions; with no more than occasional workplace changes; and only occasional interaction with supervisors, coworkers, and/or the public. (T at 15). *See McIntyre v. Colvin*, 758 F.3d 146, 150-51 (2d Cir. 2014)(finding that ALJ appropriately accounted for moderate work-related psychiatric limitations by limiting the claimant to unskilled, low stress work involving limited contract with others); *see also Platt v. Comm'r of Soc.*

*Sec.*, 588 F. Supp. 3d 412, 422 (S.D.N.Y. 2022)(collecting cases); *Walters*

*v. Saul*, No. CV 19-3232 (AYS), 2021 WL 4861521, at *11 (E.D.N.Y. Oct.

19, 2021); *Jacqueline L. v. Comm'r of Soc. Sec.*, 515 F. Supp. 3d 2, 12

(W.D.N.Y. 2021).

Lastly, the ALJ's decision to discount the extreme limitations

assessed by Ms. Hubal is supported by appropriate consideration of

Plaintiff's activities of daily living, which included cooking, performing

household chores, and childcare. (T at 16, 703-04).

While ALJs must not overinterpret a claimant's ability to perform

limited activities of daily living, an ALJ may discount an assessment of

extreme impairment where, as here, the claimant's activities could

reasonably be considered inconsistent with that level of impairment. *See*

*Riaz v. Comm'r of Soc. Sec.*, No. 20CIV8418JPCSLC, 2022 WL 6564018,

at *15 (S.D.N.Y. Aug. 5, 2022)(collecting cases), *report and*

*recommendation adopted*, No. 20CIV8418JPCSLC, 2022 WL 4482297

(S.D.N.Y. Sept. 27, 2022).

Plaintiff offers a different reading of the record and alternate

assessment of the medical opinion evidence.  However, for the reasons

discussed above, the Court finds the ALJ's decision supported by

substantial evidence, including a reasonable reading of the treatment

record, careful consideration of the medical opinion evidence, and appropriate assessment of Plaintiff's activities of daily living. The decision must therefore be sustained under the deferential standard of review applicable here. *See DuBois v. Comm'r of Soc. Sec.*, No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test."); *see also Knief v. Comm'r of Soc. Sec.*, No. 20 Civ. 6242 (PED), 2021 WL 5449728, at *1–2, 8–9 (S.D.N.Y. Nov. 22, 2021) (affirming ALJ decision based on treatment records and mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications); *Burchette v. Comm'r of Soc. Sec.*, No. 19 CIV. 5402 (PED), 2020 WL 5658878, at *10 (S.D.N.Y. Sept. 23, 2020)("In sum, Dr. Phillips' opinion, combined with largely unremarkable mental status examination findings in the treatment record and plaintiff's ADLs, provide substantial evidence for the ALJ's RFC determination.").

B.    *Subjective Complaints*

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims, and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted).

Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec*., 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's credibility.  First, "the ALJ must decide whether the claimant suffers from a

medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.

This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other

factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's credibility, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

In the present case, Plaintiff testified that she has frequent seizures related to her anxiety. (T at 66-68, 80).  She experiences pain after the seizures. (T at 69).  She has had memory loss, social phobias, and engages in limited activities of daily living. (T at 70-74).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not fully credible. (T at 16).

The Court finds the ALJ's decision to discount Plaintiff's subjective complaints supported by substantial evidence and consistent with applicable law.

First, the ALJ found Plaintiff's complaints of disabling psychiatric symptoms and limitation not fully consistent with the treatment record (T at 16-18).  An ALJ has the discretion to discount a claimant's subjective complaints where, as here, those complaints can be considered inconsistent with the overall clinical assessments and treatment notes. *See Kuchenmeister v. Berryhill*, No. 16 Civ. 7975, 2018 U.S. Dist. LEXIS 9750, at *59 (S.D.N.Y. Jan. 19, 2018); *Rodriguez v. Colvin*, No. 15 Civ. 6350, 2016 U.S. Dist. LEXIS 159003, at *68-69 (S.D.N.Y. Nov. 14, 2016); *Robles v. Colvin*, No. 16CV1557 (KMK) (LMS), 2019 U.S. Dist. LEXIS 62118, at *51 (S.D.N.Y. Apr. 9, 2019).

Second, the ALJ reasonably found Plaintiff's subjective complaints inconsistent with the well-supported medical opinion evidence, including the assessments of Dr. Deneen, Dr. Bhutwala, and Dr. Li. (T at 17-18). *See McLaughlin v. Sec'y of Health, Educ. & Welfare,* 612 F.2d 701, 705 (2d Cir. 1980) (The "ALJ has the discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.")*; DeJesus v. Colvin,* 12 Civ. 7354, 2014 U.S. Dist. LEXIS 22238, at *63 (S.D.N.Y. Jan. 23, 2014) ("[T]he ALJ properly chose to give little weight to [claimant's] unsupported complaints and claims given that he

analyzed them in light of the objective medical evidence in the record.");
*see also Penfield v. Colvin,* 563 F. App'x 839, 840 (2d Cir. 2014).

Lastly, the ALJ reasonably gave some weight to evidence that
Plaintiff engaged in a wider array of activities than she alleged. (T at 16).
While ALJs must not overinterpret a claimant's ability to perform limited
activities of daily living, the regulations permit consideration of the
claimant's "daily activities" when assessing credibility. *See* 20 C.F.R. §
404.1529(c)(3)(i).

There is no question that Plaintiff suffers from psychiatric symptoms
and limitation.  The ALJ did not dismiss Plaintiff's subjective complaints and
found her limited to a reduced range of low stress work. (T at 15).  The ALJ
offered specific support for the decision to discount Plaintiff's subjective
complaints of disabling symptoms, including a reasonable reading of the
treatment notes and clinical assessments and proper consideration of the
activities of daily living.

This is sufficient to sustain the disability determination under the
deferential standard of review applicable here.  *See Stanton v. Astrue,* 370
Fed App'x 231, 234 (2d Cir. 2010)(stating that courts will not "second-
guess the credibility finding . . . where the ALJ identified specific record-
based reasons for his ruling"); *Hilliard v. Colvin*, No. 13 Civ. 1942, 2013

U.S. Dist. LEXIS 156653, at *48 (S.D.N.Y. Oct. 31, 2013)(finding that ALJ "met his burden in finding [subjective] claims not entirely credible because [claimant] remains functional in terms of activities of daily living and the objective medical evidence fails to support her claims of total disability based on pain").

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 12) is DENIED; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: September 25, 2024              *s / Gary R. Jones*
                                       GARY R. JONES
                                       United States Magistrate Judge